UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03646-MWF (ACCV)**          **Date:  July 2, 2026**

Title:     Kiet Tuan Chung v. Fereti Semaia, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**          ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [3]

Before the Court is Petitioner Kiet Tuan Chung's Ex Parte Application for Temporary Restraining Order (the "Application") filed on July 1, 2026.  (Docket No. 3).  The Application is **DENIED**.  Petitioner has not demonstrated why he is entitled to a temporary restraining order ("TRO") given General Order 26-05 and its expedited briefing schedule for resolution of his Petition.

Petitioner's Application requests a TRO requiring Respondents to immediately release Petitioner.  (Application at 18).  Petitioner makes the Application on the basis that he is likely to succeed on the merits of various claims alleged in his Petition, which would render his continued detention and potential removal to a third country unlawful.  (*See generally* Application).

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  A party seeking a TRO, like a preliminary injunction, must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  The purpose of a TRO is to "preserv[e] the status quo and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-03646-MWF (ACCV)**          **Date:  July 2, 2026**

Title:       Kiet Tuan Chung v. Fereti Semaia, et al.

prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

Additionally, this action and the Motion are subject to General Order 26-05 and the expedited briefing schedule contained therein.  (*See* Docket No. 5).  As explained in General Order 26-05, "[t]he standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order.  Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *See* General Order 26-05 at 3.

Therefore, one of the stated purposes of General Order 26-05 is to expedite briefing on the underlying Petition such that temporary relief is no longer necessary because the Petition will be promptly heard.  Here, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for the same harms alleged in his Petition.  If such alleged harms were sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot.

Accordingly, the Application is **DENIED**.

As the parties are aware, this case has been referred to Magistrate Judge Angela C. C. Viramontes.  (*See* Docket No. 6).  Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Viramontes for decision.

IT IS SO ORDERED.